# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| NATHANIEL CHARLTON, | : | CIVIL ACTION NO. |
| Inmate # BOP Reg. 45150-019, | : | 1:08-cv-1405-JEC |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | FEDERAL TORT CLAIM |
| FEDERAL BUREAU OF PRISONS, | : | 28 U.S.C. § 1346 |
| FNU WELLS, | : | BIVENS ACTION |
|     Defendants. | : | 28 U.S.C. § 1331 |

## ORDER AND OPINION

Plaintiff, Nathaniel Charlton, a federal prisoner, has submitted this *pro se* action, seeking relief under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671-80 (FTCA), and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff has paid the filing fee in full. The matter is now before the Court for screening.

## I.   The Legal Framework

### A.   28 U.S.C. § 1915A Review

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or

no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949-50. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 1950; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").

AO 72A
(Rev.8/8
2)

## B.    FTCA Cause of Action

The United States is the only permissible defendant in an FTCA action.  *See* 28 U.S.C. § 2679(b)(1)(stating that the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"); *United States v. Smith*, 499 U.S. 160, 166-67 & n.9 (1991)(noting that § 2679(b)(2) provides two exceptions to the exclusive remedy provision, allowing injured plaintiffs to obtain "remedy for torts committed by Government employees in the scope of their employment" under *Bivens* or "under a federal statute that authorizes recovery against a Government employee").  Therefore, a plaintiff may proceed against the United States, as the sole permissible defendant under the FTCA, and against a federal employee, under *Bivens*, and he may do so in the same civil action.  *See Denson v. United States*, 574 F.3d 1318, 1336 (11th Cir. 2009)(noting that, "[a]s co-extensive causes of action, *Bivens* and FTCA claims necessarily arise from the same wrongful acts or omissions of a government official," and analyzing viability of both sets of claims)(quoting *Carlson v. Green*, 446 U.S. 14, 20 (1980), for proposition that, "'[i]n the absence of a contrary expression from Congress, . . . [plaintiffs] shall have an action under FTCA against the United States as well as a *Bivens* action against the individual officials alleged to have

3

AO 72A
(Rev.8/8
2)

infringed their constitutional rights'"), *cert. denied*, 130 S. Ct. 3384 (2010).

"It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued." *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *JBP Acquisitions, LP v. United States ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)). FTCA liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

A district court may not entertain an FTCA action "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing," although an agency's failure "to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim." 28 U.S.C. § 2675(a). The claim must be presented to the agency within two years of its date of accrual and to the district court within six months of the

4

agency's mailing the notice of final denial of the claim. 28 U.S.C. § 2401(b).

### C. *Bivens* Cause of Action

To state a claim for relief under *Bivens*, a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1283-84 (11th Cir. 2003)(affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support alleged constitutional violation); *see also Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)(noting that "as a general matter federal courts incorporate § 1983 law into *Bivens* actions").

## II. The Complaint

Plaintiff alleges in his complaint that on or about May 11, 2006, he was working at the UNICOR Factory at the Federal Correctional Institution in Atlanta, Georgia (FCI Atlanta), when he requested that Defendant Wells replace the scissors that Plaintiff was using because they were not working properly. Plaintiff alleges that Wells became angry, yelled at him that "this is the last time

5

I will exchange these scissors," and threw the scissors at him, puncturing him in the abdomen. Plaintiff claims that he "received a[n] injury by virtue of Defendant Wells throwing the scissors at him" and, thereafter, "was denied immediate medical attention." (Compl. [1] at 2-3.)

Plaintiff alleges that the United States of America and the Federal Bureau of Prisons (BOP) breached their legal duties to him by failing "to hire, train and supervise [their] personnel and to provide proper methods for the handling and dispensing of tools to other inmates" and by failing "to train [their] employees in the proper manner to provide adequate and timely medical attention." Plaintiff alleges that Defendant Wells showed deliberate indifference to his safety and used excessive force against him. (*Id.* at 3-4.) Plaintiff seeks compensatory, punitive, and actual damages totaling fifteen million dollars from each Defendant (the United States, the BOP, and Wells), and he also seeks reasonable attorney's fees. (*Id.* at 5.)

Attached to Plaintiff's complaint is a copy of a Rejection Notice from the Administrative Remedy Coordinator of the BOP's Southeast Regional Office, dismissing as untimely Plaintiff's regional appeal of his claims that Staff Member Officer Wells "threw a pair of scissors at [him] striking [him] in [the] abdomen" and that other staff members denied his request for medical attention.

6

(*Id.*, Attach. at 1-4.)  Also attached to the complaint is the

response of the BOP's Southeast Regional Counsel to Plaintiff's

administrative tort claim, rejecting the claim because Plaintiff

"did not provide any evidence to substantiate" it.  (*Id.* at 5.)  The

Regional Counsel's response explains that on May 12, 2006, the day

following the alleged scissors incident, Plaintiff was "examined by

medical staff," who "noted no redness, swelling, or any mark of

trauma.  The assessment was that [Plaintiff] had a slight contusion.

The X-ray of the area indicated no trauma or deformity . . . . This

information indicates no evidence of acute chronic or permanent

deformity as a result of the alleged injury."  (*Id.* at 6.)

## III. <u>Discussion</u>

### A.    <u>FTCA Claims</u>

On October 12, 2007, the BOP Regional Counsel mailed to

Plaintiff the BOP's response to his administrative tort claim.

(*Id.*)   Accordingly, Plaintiff's federal tort claims, which he

submitted for mailing on April 9, 2008,[1] are timely under the FTCA's

six-month statute of limitations.  *See* 28 U.S.C. § 2401(b).

---

[1]    The "mailbox rule" provides that a *pro se* prisoner's
pleading is deemed filed on the day he signs it and submits it to
prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266,
276 (1988).

AO 72A
(Rev.8/8
2)

## 1. **Battery**

The FTCA excludes recovery for certain intentional torts committed by Government employees, including assault and battery, but provides an exception to this exclusion for "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" when committed by "investigative or law enforcement officers [of the United States Government]," i.e., "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Several courts have allowed FTCA claims involving allegations of assault and battery by federal prison guards to proceed. *See*, *e.g.*, *Howard v. Taggart*, No. 4:05 CV 1114, 2007 U.S. Dist. LEXIS 72132, at *28-29 (N.D. Ohio Sept. 27, 2007) (holding that "FTCA claim of assault and battery by the prison guard is actionable and is to be evaluated as it would under state law," but noting that guard's "alleged assault did occur during a search, seizure or arrest")(internal quotations omitted); *Bolton v. United States*, 347 F. Supp. 2d 1218, 1222 (N.D. Fla. 2004)(noting Government's admission that prison guard who sexually assaulted female inmate was law enforcement officer for purposes of inmate's FTCA battery claim); *Picariello v. Fenton*, 491 F. Supp. 1026, 1037 (M.D. Pa. 1980)(noting Government's concession that federal correctional officers who processed arriving inmates were law

8

AO 72A
(Rev.8/8
2)

enforcement officers for purposes of inmates' FTCA assault and battery claims).

The Third Circuit, however, has concluded that the § 2680(h) exception for intentional torts committed by law enforcement officers is "limited to activities in the course of a search, a seizure or an arrest." *Pooler v. United States*, 787 F.2d 868, 872 (3d Cir. 1986). The Seventh Circuit and many district courts have reached the opposite conclusion. *See Reynolds v. United States*, 549 F.3d 1108, 1114 (7th Cir. 2008)("Section 2680(h) does not require that a law enforcement officer commit the intentional tort while executing a search, seizing evidence, or making an arrest."); *Murphy v. United States*, 121 F. Supp. 2d 21, 24 (D.D.C. 2000) ("The majority of the trial courts not bound by *Pooler* have declined to follow the Third Circuit's interpretation."). In *Murphy*, the D.C. District Court adopted a more "balanced approach" whereby

> the fair reading of the Section 2680(h) proviso is that even if the FTCA action for such intentional torts is not based on an actual search or seizure of evidence or arrest, *it must at a minimum charge the government with wrongdoing based on acts or omissions of investigative or law enforcement officers while they are engaged in investigative or law enforcement activities.*

*Murphy*, 121 F. Supp. 2d at 24-25 (emphasis in original)(internal quotations omitted)("This approach allows legitimate complaints against law enforcement officers to proceed against the United

9

States while ensuring that incidents stemming from non-law enforcement related activities are not covered.").

When Wells provided Plaintiff with a new pair of scissors, he was not engaged in an investigative or law enforcement activity. Under § 2680(h), therefore, the Government arguably has not waived its sovereign immunity from Plaintiff's battery claim arising from Wells's conduct. Nevertheless, the Eleventh Circuit, albeit in an unpublished decision, vacated the frivolity dismissal of an FTCA false imprisonment claim arising from "the acts of BOP officials" because "BOP officials do have authority to make arrests for violations of certain federal laws, see 18 U.S.C. § 3050; and at least one of our sister circuits has concluded that a BOP official is a law enforcement officer under 28 U.S.C. § 2680(h)." *Morrow v. Fed. Bureau of Prisons*, 255 Fed. Appx. 378, 380 (11th Cir. 2007) (citing *Chapa v. DOJ*, 339 F.3d 388, 390 (5th Cir. 2003), for the proposition that "a BOP official is a federal law enforcement officer" under § 2680(h)).  Therefore, to the extent that Wells is a BOP official as discussed in *Morrow*, this Court is constrained to conclude that Plaintiff's battery claim is not foreclosed by § 2680(h).

As noted above, the elements of an alleged tort under the FTCA derive from "the law of the place where the act or omission occurred." *See* 28 U.S.C. § 1346(b)(1).  Under Georgia law, a

10

plaintiff may recover for battery without sustaining an injury. "In the interest of . . . [the] inviolability of one's person, any unlawful touching is a physical injury to the person and is actionable." *MARTA v. Mosley*, 634 S.E.2d 466, 468-69 (Ga. App. 2006)(stating that "cause of action for battery can be supported by even minimal touching")(internal quotations omitted).

> In order to be liable for battery, the defendant must have done some positive and affirmative act; . . . The act must cause, and must be intended to cause, an unpermitted contact . . . The gist of the action for battery is not the hostile intent of the defendant, but rather the absence of consent to the contact on the part of the plaintiff.

*J.A.T. v. State*, 212 S.E.2d 879, 881 (Ga. App. 1975)(quoting *Prosser on Torts* (4th Ed.) § 9). *See also* O.C.G.A. § 51-1-13 ("A physical injury done to another shall give a right of action to the injured party, whatever may be the intention of the person causing the injury, unless he is justified under some rule of law."); § 51-1-14 ("Any violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered."). Accordingly, Plaintiff, who apparently suffered a "slight contusion" as a result of Wells's actions, may proceed against the United States on his claim that Wells battered him.

11

### 2. <u>Negligent Hiring, Training, and Supervision</u>

Under Georgia law, "[a]n employer has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable that the employee's tendencies could cause the type of harm sustained by the plaintiff." *Remediation Res., Inc. v. Balding*, 635 S.E.2d 332, 335 (Ga. App. 2006)(internal quotations omitted); *see also Kemp v. Rouse-Atlanta, Inc.*, 429 S.E.2d 264, 267 (Ga. App. 1993)(stating that "appropriate standard of care in a negligent hiring/retention action is whether the employer knew or should have known the employee was not suited for the particular employment," and noting that "employer's liability for negligent hiring or retention of an employee requires proof that the employer knew or should have known of the employee's violent and criminal propensities"). Therefore, if Plaintiff can establish the necessary elements of a "negligent hiring/retention action" under Georgia law, he has a viable FTCA claim against the United States arising from the conduct of one or more of Officer Wells's supervisors.[2] At this stage of the proceedings, the Court cannot

---

[2] That Plaintiff has not provided the supervisors' names is not an impediment to his proceeding with his negligent hiring/retention claim. *See Bivens*, 403 U.S. at 390 n.2 (noting that district court ordered service of process on unnamed defendants whose identity was available in relevant government records, and proper agents were ultimately served); *Dean v. Barber*, 951 F.2d

AO 72A
(Rev.8/8
2)

foreclose the possibility that Plaintiff may be able to establish that, for example, Officer Wells has a history of inappropriate displays of temper that rendered his hiring and/or retention negligent.   Based on the facts that Plaintiff has alleged, this possibility is at least a plausible one.  *See Iqbal*, 129 S. Ct. at 1951-53.

### B.   *Bivens* Claims

Under *Bivens*, Plaintiff claims that Defendant Wells used excessive force against him and that Wells and others displayed deliberate indifference to his serious medical needs arising from that use of force.   Because these claims also are at least plausible, the Court will allow them to proceed as well.

### IV.   Conclusions

For the foregoing reasons, this Court finds that Plaintiff has alleged viable FTCA claims for battery and for negligent hiring and/or retention, and viable *Bivens* claims for the use of excessive force and for deliberate indifference to his serious medical needs. In light of the allegations presented, and in deference to Plaintiff's *pro se* status, these claims are **ALLOWED TO PROCEED** against the United States and Officer Wells as in any other civil action.   As noted above, Plaintiff will be allowed to add other

_____

1210, 1215-16 (11th Cir. 1992)(discussing possibility of service on adequately described, but unnamed, defendant).

13

AO 72A
(Rev.8/8
2)

defendants when and if they are identified during the course of these proceedings.

## V.    Service of Process and Related Matters

A Plaintiff who sues an officer or employee of the United States must serve both the individual Defendant and the United States. *See* FED. R. CIV. P. 4(i)(2), (3). Accordingly, the Clerk **SHALL** send Plaintiff one USM 285 form and one summons each for (1) the United States Attorney General, (2) the United States Attorney for the Northern District of Georgia, and (3) Officer Wells. Plaintiff **SHALL** complete each USM 285 form and summons and return each form to the Clerk of Court within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk **SHALL** resubmit this action to the Court if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service two service packages for the United States, as described in FED. R. CIV. P. 4(i)(1).[3]   Each service

---

[3] "To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office"; and also "(B) send a copy of each by registered or certified mail

14

AO 72A
(Rev.8/8
2)

package must include the USM 285 form and a copy of the summons and of the complaint.  Upon receipt of the service packages, the U.S. Marshal's Service **SHALL** serve the United States as provided in Rule 4(i)(1).  Each completed USM 285 form **SHALL** be filed with the Clerk.

For Officer Wells,[4] the Clerk **SHALL** prepare a service waiver package that must include two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order.  The Clerk **SHALL** retain the USM 285 form and summons.

Upon completion of a service waiver package for Officer Wells, the Clerk **SHALL** complete the lower portion of the Notice of Lawsuit and Request for Waiver form and mail a service waiver package to

---

to the Attorney General of the United States at Washington, D.C." FED. R. CIV. P. 4(i)(1).

[4] "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must . . . serve the officer or employee under Rule 4(e), (f), or (g)."  FED. R. CIV. P. 4(i)(3).  "Invocation of the individual service provisions of subdivisions (e), (f), and (g) invokes also the waiver-of-service provisions of subdivision (d)."  Rule 4, Advisory Comm. Notes, 2000 Amend. ¶ 1.

15

AO 72A
(Rev.8/8
2)

Officer Wells.  Defendants have a duty to avoid unnecessary costs of serving the summons.  If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Officer Wells does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk **SHALL** prepare and transmit to the U.S. Marshal's Service a service package for Officer Wells.  The service package must include the USM 285 form and a copy of the summons and of the complaint.  Upon receipt of the service package, the U.S. Marshal's Service **SHALL** personally serve Officer Wells.  The executed waiver form or the completed USM 285 form **SHALL** be filed with the Clerk.

Plaintiff **SHALL** serve upon Defendants or Defendants' counsel a copy of every additional pleading or other document that is filed with the Clerk of Court.  Each pleading or other document filed with the Clerk **SHALL** include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or Defendants' counsel.  This Court will disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

16

AO 72A
(Rev.8/8
2)

Plaintiff also **SHALL** keep the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED** this <u>5th</u> day of DECEMBER, 2011.


<u>/s/ Julie E. Carnes</u>
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8
2)